UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BRIGGS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND BANK, INSURANCE BOND, et al.,<br><br>Defendants. | Case No. 24-cv-04472-WHO<br><br>**ORDER DENYING PETITION FOR RECONSIDERATION AND AUTOHORIZING A REQUEST FOR RECONSIDERATION BY EEON FOUNDANTION, IF SUCH ENTITY EXISTS**<br><br>Re: Dkt. Nos. 26, 27 |

Plaintiff Bryan Briggs asks that I (1) reconsider my order dismissing his case without prejudice for failure to prosecute, and (2) schedule an evidentiary hearing. Dkt. No. 27. His request is DENIED.

Briggs, proceeding pro se, filed this action against defendants MidFirst Bank and Midland Bank, titled "Quiet Title and Motion to Confirm Arbitration Award." Dkt. No. 1 (the Complaint). An entity called the Eeon Foundation ("Eeon") is also listed as a plaintiff. I dismissed the Complaint on September 27, 2024. Among other deficiencies, it had failed to identify a legitimate arbitration award and failed to plausibly allege that Briggs could quiet title on the subject property. Dkt. No. 21 (Order Granting MidFirst Bank's Motion to Dismiss, or "MTD Order"). I also noted that it was unclear from the pleadings what type of entity Eeon is, how it is related to Briggs, or how it could represent itself pro se under Civ. L.R. Rule 3-9(b), which provides that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civ. L.R. Rule 3-9(b); *see* Dkt. No. 21 at 1, n.1. Considering the Complaint's glaring problems, I determined that the matter was suitable for resolution without oral argument and vacated the hearing. *See* Civ. L.R. 7-1(b). In the MTD Order, I instructed Briggs to file an amended complaint within 20 days of the date of the order. Dkt. No. 21 at 8.

1 Twenty days passed and Briggs did not file an amended complaint. Defendant MidFirst

2 Bank filed a notice regarding the status of the case, requesting that I dismiss the case for failure to

3 prosecute or otherwise issue an order to show cause ("OSC") why the case should not be so

4 dismissed. Dkt. No. 22. Because I had already considered Briggs' claims three times (once when

5 evaluating his request for a temporary restraining order, *see* Dkt. No. 7, again when denying his

6 request that I reconsider the TRO denial, *see* Dkt. No. 11, and again when considering the

7 defendant's motion to dismiss and Briggs' response papers, *see* Dkt. No. 21), I chose to dismiss

8 his claims for failure to prosecute rather than issue an OSC. His allegations have never been

9 plausible and the purported arbitration agreement he attached to his motion for reconsideration as

10 fodder for his claims is likely inauthentic.

11 Briggs contends that he did not file an amended complaint because he did not know that he

12 needed to, and as such, my decision to dismiss his case was improper. In support, he states that,

13 "[n]o notifications have been sent to the address provided by Eeon," and that he received no

14 communications from this court pertaining to the MTD Order. Dkt. No. 27 at p. 5, ¶ 6. The court

15 sent Briggs a physical copy of the MTD Order to his listed address, 1123 W. 18th Street, Antioch,

16 CA 94509, on October 2, 2024. The Clerks's Office did not mail a copy of the MTD Order to

17 Eeon because nothing in Briggs' papers has suggested that Eeon is entitled to represent itself or

18 anyone else in this case. *See* Dkt. No. 21 at 1, n.1. Nevertheless, in light of Briggs' concerns

19 about Eeon's inclusion, this order will be sent to Eeon at its Las Vegas address. If Eeon can allege

20 that it is a legal entity and either has a lawyer or is a proper pro se plaintiff, it may file a request

21 for reconsideration of its dismissal within twenty days of the date below, which I will consider. It

22 should attach an amended Complaint to its request that addresses the deficiencies identified in the

23 MTD Order.

24 From the pleadings, it is apparent that Briggs is the real party in interest. Briggs had

25 proper notice of the MTD Order and knew he had 20 days from September 27, 2024, to file any

amended complaint. He failed to do so. For the reasons set forth in the MTD Order and above, Briggs' request for reconsideration is DENIED.[1]

**IT IS SO ORDERED.**

Dated: November 4, 2024

William H. Orrick
United States District Judge

---

[1] Briggs also asks for the "recusal of the judicial officer and the removal of the clerk of the court from handling any further portion of this petition" and requests a "transfer[] [of] venue." Dkt. No. 27 at p. 7. These requests are without merit, and are DENIED.

3